**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
MIDLAND STATES BANK,  Case No. 25-cv-1031

                Plaintiff,

  -against-   **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

NORDICA LANDING, LLC and CHARLES E. LEE,

                Defendants.
-----------------------------------------------------------------X

    COMES NOW, Defendants, NORDICA LANDING, LLC ("Nordica Landing") and CHARLES E. LEE (collectively "Defendants"), by and through their undersigned counsel, hereby file their Answer to Plaintiff, MIDLAND STATES BANK's ("Plaintiff"), Complaint ("Complaint"), and allege as follows:

## NATURE OF THIS ACTION

    1.    Paragraph 1 of the Complaint contains legal argument and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 1 of the Complaint.

## PARTIES

    2.    Defendants lack knowledge or information as to the truth or the falsity to allegations in Paragraph 2 of the Complaint.

    3.    Defendants admit Nordica Landing is a limited liability company with its principal place of business at 150 E. Palmetto Park Road, Suite 800, Boca Raton, Florida 33432, is wholly owned by Nordica Landing P, LLC, which is a limited liability company with its principal place of business at the same address, that Nordica Landing P, LLC is wholly owned by Nordica Landing I, LLC which is a limited liability company with its principal place of business at the same address,

1

and that Lee and Christine Schaffer are natural persons and residents and citizens of Florida, but deny the remaining allegations in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Paragraph 4 of the Complaint states legal conclusions to which no response is required.

5. Paragraph 5 of the Complaint states legal conclusions to which no response is required. Defendants respectfully refer the Court to the subject loan documents for all of their terms, provisions and meanings.

6. Paragraph 6 of the Complaint states legal conclusions to which no response is required.

7. Defendants deny the allegations in Paragraph 7 of the Complaint.

8. Defendants admit the allegations in Paragraph 8 of the Complaint.

## BACKGROUND

9. Defendants admit the allegations in Paragraph 9 of the Complaint.

10. Defendants admit the allegations in Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the subject loan documents speak for themselves as to their terms, provisions and meanings, and otherwise, deny the remaining allegations of Paragraph 11.

12. Paragraph 12 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the subject loan documents speak for themselves as to their terms, provisions and meanings, and otherwise, deny the remaining allegations of Paragraph 12.

13. Paragraph 13 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the subject loan documents speak for themselves as to their terms, provisions and meanings, and otherwise, deny the remaining allegations of Paragraph 13.

14. Paragraph 14 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the subject loan documents speak for themselves as to their terms, provisions and meanings, and otherwise, deny the remaining allegations of Paragraph 14.

15. Paragraph 15 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the subject loan documents speak for themselves as to their terms, provisions and meanings, and otherwise, deny the remaining allegations of Paragraph 15.

16. Paragraph 16 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the subject loan documents speak for themselves as to their terms, provisions and meanings, and otherwise, deny the remaining allegations of Paragraph 16.

17. Paragraph 17 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the subject loan documents speak for themselves as to their terms, provisions and meanings, and otherwise, deny the remaining allegations of Paragraph 17.

18. Paragraph 18 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the subject loan documents speak for themselves as to their terms, provisions and meanings, and otherwise, deny the remaining

allegations of Paragraph 18.

19. Paragraph 19 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the subject loan documents speak for themselves as to their terms, provisions and meanings, and otherwise, deny the remaining allegations of Paragraph 19.

20. Paragraph 20 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the subject loan documents speak for themselves as to their terms, provisions and meanings, and otherwise, deny the remaining allegations of Paragraph 20.

21. Defendants lack knowledge or information as to the truth or the falsity to allegations in Paragraph 21 of the Complaint.

22. Defendants admit the allegations in Paragraph 22 of the Complaint.

23. Defendants admit the allegations in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the subject loan documents speak for themselves as to their terms, provisions and meanings, and otherwise, deny the remaining allegations of Paragraph 24.

25. Defendants admit the allegations in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the subject loan documents speak for themselves as to their terms, provisions and meanings, and otherwise, deny the remaining allegations of Paragraph 26.

27. Defendants admit that Nordica Landing received the sum of $19,880.00 and that the subject loan documents speak for themselves as to their terms, provisions and meanings, and otherwise, deny the remaining allegations of Paragraph 27.

28. Paragraph 28 of the Complaint contains legal argument and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 28.

29. Paragraph 29 of the Complaint contains legal argument and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 29.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

## FIRST CAUSE OF ACTION

32. Defendants repeat and reallege all prior responses in Paragraphs 1-31 above, as if fully set forth herein.

33. Paragraph 33 of the Complaint contains legal argument and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 33.

34. Defendants lack knowledge or information as to the truth or the falsity to allegations in Paragraph 34 of the Complaint because they have no knowledge as to who constitutes the "parties" referenced therein.

35. Paragraph 35 of the Complaint contains legal argument and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 35.

36. Paragraph 36 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the subject loan documents speak for themselves as to their terms, provisions and meanings, and otherwise, deny the remaining allegations of Paragraph 36.

37. Paragraph 37 of the Complaint contains legal argument and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 37.

38. Paragraph 38 of the Complaint contains legal argument and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 38.

39. Paragraph 39 of the Complaint contains legal argument and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 39.

## SECOND CAUSE OF ACTION

40. Defendants repeat and reallege all prior responses in Paragraphs 1-39 above, as if fully set forth herein.

41. Paragraph 41 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the subject loan documents speak for themselves as to their terms, provisions and meanings, and otherwise, deny the remaining allegations of Paragraph 41.

42. Paragraph 42 of the Complaint contains legal argument and conclusions to which no response is required. To the extent a response is required, Defendants admit that the subject loan documents speak for themselves as to their terms, provisions and meanings, and otherwise,

deny the remaining allegations of Paragraph 42.

43.     Defendants lack knowledge or information as to the truth or the falsity to allegations in Paragraph 43 of the Complaint.

44.     Paragraph 44 of the Complaint contains legal argument and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 44.

45.     Defendants admit that Nordica Landing is a party in another lawsuit filed by Bravo, and that Paragraph 45 of the Complaint contains legal argument and conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations of Paragraph 45.

46.     Paragraph 46 of the Complaint contains legal argument and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 46.

47.     Paragraph 47 of the Complaint contains legal argument and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 47.

48.     Paragraph 48 of the Complaint contains legal argument and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 48.

49.     Paragraph 49 of the Complaint contains legal argument and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 49.

## THIRD CAUSE OF ACTION

50. Defendants repeat and reallege all prior responses in Paragraphs 1-49 above, as if fully set forth herein.

51. Paragraph 51 of the Complaint contains legal argument and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 51.

52. Defendants lack knowledge or information as to the truth or the falsity to allegations in Paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint contains legal argument and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 53.

## AFFIRMATIVE DEFENSES

Defendants' investigation of the facts alleged in the Complaint is ongoing, and as such, Defendants reserve the right to assert additional affirmative defenses in the future. Defendants assert the following affirmative defenses:

### First Affirmative Defense

Plaintiff's claims are barred in whole or in part for its failure to state a claim.

### Second Affirmative Defense

Plaintiff lacks standing to maintain the instant action.

### Third Affirmative Defense

Plaintiff and its predecessors all failed to conduct proper due diligence in evaluating the authority of the person or persons who executed the subject loan documents, which are the subject of this action.

**Fourth Affirmative Defense**

Plaintiff fails to hold the subject original note and does not have access to it.

**Fifth Affirmative Defense**

Plaintiff and its predecessors all have unclean hands by their failure to conduct proper due diligence as to the valuation of the subject property.

**Sixth Affirmative Defense**

Plaintiff and its predecessors' business policies and lending policies and procedures caused Plaintiff's own damages.

**Seventh Affirmative Defense**

Plaintiff is not the holder in due course of the note in question.

**Eighth Affirmative Defense**

Any damages or losses suffered by Plaintiff were caused by Plaintiff's own conduct.

**Nineth Affirmative Defense**

Plaintiff's claims are barred based on Plaintiff's conduct, in whole or in part, by equitable doctrines, including acquiescence, waiver estoppel and latches. Among other things, Plaintiff misled Defendants by representing its intention to work in good faith with Defendants which representations and actions Defendants reasonably relied upon to their detriment.

**Tenth Affirmative Defense**

Plaintiff's claims are barred or reduced to the extent any injury was caused by the acts or omissions of Plaintiff, or other third parties for whom Defendants are not responsible.

**Eleventh Affirmative Defense**

Plaintiff's claims are barred by Plaintiff's, or Plaintiff's agents', representatives', consultants' or predecessors' inequitable conduct.

**Twelfth Affirmative Defense**

Plaintiff's claims are barred by its failure to comply with the requirements of Article 9 of the UCC.

**Thirteenth Affirmative Defense**

Plaintiff's claims are barred by the doctrine of part performance.

**Fourteenth Affirmative Defense**

Plaintiff's claims are barred, in whole or part, by its own breaches of the subject loan documents.

**Fifteenth Affirmative Defense**

To the extent supported by the facts of this case, the attorney's fees costs and expenses sought to be recovered by Plaintiff as part of its claims are neither reasonable nor necessary.

**Sixteenth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**Seventeenth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate or minimize its alleged damages.

**Eighteenth Affirmative Defense**

Plaintiff's claims are barred to the extent they consented to, acquiesced in, and/or ratified the alleged acts or omissions of Defendants.

**Nineteenth Affirmative Defense**

Plaintiff's claims are barred based on the doctrine of economic duress.

**Twentieth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, on the ground that Plaintiff and/or its

predecessors in interest failed to provide proper notice(s) to Defendants pursuant to the loan documents and guaranty at issue in the Complaint, and/or because of certain such certain notices were erroneous or prematurely issued.

## **RESERVATION OF RIGHT TO SUPPLEMENT DEFENSES**

Defendants reserve the right to amend these Defenses and/or Affirmative Defenses to include any additional defenses that may come to light during the course of discovery in this matter based upon factual determinations or anything deemed applicable through the discovery process as this case progresses.

WHEREFORE, Defendants respectfully request that the Court enter judgment as follows:

(a) dismissing the Complaint against Defendants with prejudice;

(b) awarding reasonable attorney's fees, costs and expenses to Defendants; and

(c) awarding such other and further relief as the Court deems just and proper.

Dated:  April 21, 2025    FITZGERALD & ISAACSON, LLP

By: s/Diana L. Fitzgerald
Diana L. Fitzgerald, Esq.
1701 Ponce De Leon Boulevard, Suite 200
Miami, FL 33134
Telephone: (305) 372-7300
Email: Diana@filawyers.com

*Attorney for Defendants Nordica Landing, LLC and Charles E. Lee*